UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JASMINE VALENTINE,

                        Petitioner,                      03 Civ. 4834 (PKC)

      -against-

                                                MEMORANDUM
                                                AND ORDER

ELAINE A. LORD,

                        Respondent.
-------------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        On April 30, 2001, pro se petitioner Jasmine Valentine pled guilty in New York Supreme Court, Bronx County, to a charge of murder in the second degree. Petitioner received a sentence of an indeterminate term of 18 years to life imprisonment. Petitioner appealed her sentence, and it was affirmed. See People v. Valentine, 298 A.D.2d 107 (1st Dep't 2002). Petitioner then sought leave to appeal to the New York Court of Appeals, and leave was denied. See People v. Valentine, 99 N.Y.2d 586 (2003). Petitioner is currently incarcerated in the Bedford Hills Correctional Facility in upstate New York.

        On April 24, 2003, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and the petition was assigned to the Honorable Naomi Buchwald, U.S.D.J. Petitioner asserted two grounds in the petition: (1) the sentencing court erred in denying petitioner's motion to withdraw her guilty plea; and (2) her sentence was excessive for various reasons, including her age at the time of the crime and her lack of a prior conviction record.

On October 2, 2003, respondent filed an opposition to the petition. (Docket No. 7) On October 9, 2003, petitioner wrote to Judge Buchwald stating that she intended to file, in state court, a motion under Section 440.10 of the New York Criminal Procedure Law to vacate her conviction based upon the allegedly ineffective assistance of her trial counsel. (Docket No. 17) In this letter, petitioner requested a stay of the federal habeas proceedings pending resolution of the motion in state court. (Id.) On October 31, 2003, Judge Buchwald wrote to petitioner to request additional information about the nature of the Section 440.10 claim she intended to make. In addition, Judge Buchwald inquired whether petitioner wished to have the Court address her new claim on the merits, if possible, or whether, in the alternative, petitioner first wished to exhaust her new claim in the state courts. (Id.) On November 17, 2003, petitioner responded in writing to Judge Buchwald and stated that she "intend[ed] to file a 440.10 motion to vacate [the] judgment based on the ineffectiveness of defense counsel prior to [her] accepting the plea." In addition, petitioner wrote, "If it is possi[]ble that you can address this issue, I would p[re]fer that[,] rather than undergoing the long process of filing my claim and waiting for the outcome." On November 19, 2003, this case was reassigned to me. (Docket No. 8)

On December 3, 2003, I issued an Order in which I addressed petitioner's statements in her November 17, 2003 letter:

> Although the Petitioner's response was not without equivocation, she indicated that she preferred that this Court proceed with considering her claims on the merits. This Court is prepared to do so.

(Docket No. 9) In addition, I ordered petitioner to submit a reply to respondent's opposition brief by January 19, 2004, and wrote that "[i]f she does not submit a reply, the

Court will decide her petition based on her previous filing." (Docket No. 9) Petitioner did not file a reply. Instead, on April 16, 2004, petitioner filed a document with this Court containing "the points [she] intended to make on a 440 Motion in State Court" – specifically, her allegations as to the ineffective assistance of her trial counsel. (Docket No. 10) Respondent filed nothing in response. I consider petitioner's April 16, 2004 filing to be an amendment to her petition to include a third claim for ineffective assistance of trial counsel.

On April 26, 2004, I referred the petition to the Honorable Debra Freeman, United States Magistrate Judge. (Docket No. 11) On April 21, 2006, Judge Freeman issued a 31-page Report and Recommendation ("R&R"). (Docket No. 13) In her R&R, familiarity with which is assumed, Judge Freeman set forth the facts underlying petitioner's guilty plea and sentencing in some detail, and, in view of the relevant statutes and case law, recommended that I deny the petition. With the benefit of an extension of time (Docket No. 15), petitioner filed timely objections to Judge Freeman's R&R. (Docket No. 16) In light of petitioner's objections, I have conducted a de novo review of the underlying record, including the transcript of petitioner's plea hearing and related proceedings. See 28 U.S.C. § 636(b); Rule 72, Fed. R. Civ. P. Having done so, I adopt Judge Freeman's R&R in its entirety, except that I deny petitioner's second claim on its merits but not on the ground that it is procedurally barred. I deny the petition for a writ of habeas corpus.

Denial of Petitioner's Motion to Withdraw Guilty Plea

Judge Freeman applied the appropriate standard to determine the constitutional validity of a guilty plea. "'The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" Parke v. Raley, 506 U.S. 20, 28-29 (1992) (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)). In the Second Circuit, a "wired" plea – one, as in this case, made pursuant to an offer that "impose[s] conditions which relate to the conduct or treatment of others" – is constitutional, as long as it is intelligently and voluntarily made. United States v. Bennett, 252 F.3d 559, 562 n.6 (2d Cir. 2001).

In petitioner's case, the transcript from the plea hearing indicates that her guilty plea was made knowingly, intelligently and voluntarily. Although petitioner specifically stated that her decision to plead guilty was made of her own free will and that no one "threatened" or "forced" her to plead guilty (Apr. 30, 2001 Hr'g Tr. at 21), she now argues that her decision was motivated, in large part, by a desire to help her co-defendants avoid trial. (Pet. Mem. at 13-17) Even if true, such a motivation does not render such a decision involuntary in a constitutional sense. See R&R at 16-17 and cases cited therein.

Excessive Sentence

Judge Freeman also properly concluded that there is no basis for this Court to disturb the sentence imposed on petitioner in state court. I agree with Judge Freeman that, construed liberally, petitioner's claim may be read to challenge her sentence as constituting cruel and unusual punishment under the Eighth Amendment. R&R at 18. I

also agree that petitioner's second letter to the New York Court of Appeals did not fairly apprise the Court of her excessive sentence claim because it only discussed her claim regarding her motion to withdraw her guilty plea and did not discuss or refer to the excessive sentence claim at all. R&R at 19.

Relying on Ramirez v. AG, 280 F.3d 87, 97 (2d Cir. 2001), Judge Freeman concluded that the excessive sentence claim is unexhausted because petitioner's two letters to the New York Court of Appeals did not fairly apprise the Court that she wished to appeal the denial of her excessive sentence claim. R&R at 18-19. In Ramirez, the Court distinguished two precedents:

> We held in Morgan[v. Bennett, 204 F.3d 360, 370-71 (2d Cir. 2000), cert. denied, 531 U.S. 819 (2000)] that a petitioner had preserved an issue by a request that the Court of Appeals "consider and review all issues" in attached briefs from the Appellate Division . . . .
>
> In Jordan[v. Lefevre, 206 F.3d 196, 198 (2d Cir. 2000)], a leave application had argued a claim under Batson v. Kentucky, 476 U.S. 79 (1986), and urged the New York Court of Appeals to grant leave to appeal "for all these reasons and the reasons set forth in [the] Appellate Division briefs." In support of his federal petition for habeas relief, Jordan raised non-Batson issues that were explicitly asserted in the Appellate Division briefs but not in his leave application to the Court of Appeals. Before us, he argued that the reference to the Appellate Division briefs sufficed to present the non-Batson issues to the Court of Appeals. However, we disagreed, on the ground that arguing one claim "while attaching an appellate brief without explicitly alerting the state court to each claim raised does not fairly present such claims for purposes of the exhaustion requirement."
>
> We perceive the line drawn between Morgan and Jordan to be as follows. References to attached briefs without more will preserve issues only if the Court of Appeals is clearly informed that the reference is asserting issues in those briefs as bases for granting leave to appeal. In Morgan, the language unmistakably requested review of each point in the Appellate Division brief. In Jordan, the words "for all of these reasons and the reasons set forth in [the] Appellate Division briefs" might as easily have been a reference to additional reasons for reviewing the Batson claim as an incorporation of other, different claims asserted in the lower court.

5

Id. (internal citations omitted).

The Second Circuit concluded that Jordan controlled the petition in Ramirez. Id. Before the Second Circuit, Ramirez argued that his claim that he was deprived of a fair trial because he was denied his right of confrontation had been properly presented to the New York Court of Appeals. Id. However, in his letter application to the Court of Appeals, Ramirez did not explicitly address this claim. Id. at 96. Rather, Ramirez simply discussed a different claim, asserted that "[i]t was properly preserved in the Appellate Division," and then cited three sections of his Appellate Division brief in support, one of which involved his fair trial/confrontation claim. Id. at 96-97. Thus, like the petitioner in Jordan, Ramirez discussed one claim in some detail in his leave application and then simply referred the Court to the rest of his Appellate Division brief.

Here, petitioner's first letter to the New York Court of Appeals is closer to Morgan than either Jordan or Ramirez. (Pree Aff't Ex. 4) Written by counsel, the first three paragraphs of this letter simply state the purpose of the letter and recount basic details of the criminal charges. (Id. at 1) In the fourth paragraph, petitioner's counsel stated that he was "enclosing copies of the briefs filed in the Appellate Division and that Court's decision." (Id.) In the final paragraph, petitioner counsel wrote that "[l]eave is sought on all the Points raised in appellant's Appellate Division brief." (Id. at 2) In contrast to both Jordan and Ramirez, petitioner's first letter to the New York Court of Appeals did not discuss any particular claim in any detail. (Id.) Rather, as in Morgan, the letter simply informed the Court that petitioner sought leave to appeal on any and all claims that had been asserted in the Appellate Division. Accord Galmadez v. Keane, 394 F.3d 68, 76 (2d Cir. 2005) ("Submitting appellate briefs with a terse letter requesting

leave to appeal does not communicate to the Court of Appeals that it should focus on some claims to the exclusion of others . . . . On the contrary, we can only conclude that the Court of Appeals would construe the concise application in this case as a request for review of all of the issues outlined in the briefs."). Based upon <u>Morgan</u>, petitioner's first letter may be read as having fairly apprised the New York Court of Appeals of petitioner's desire to appeal her excessive sentence claim. The Court denied petitioner leave to appeal.

I need not reach the issue of whether the claim was properly exhausted because Judge Freeman proceeded to reach the merits of the claim and I agree with her resolution of the merits. Judge Freeman concluded that there is no basis for this Court to disturb the sentence imposed on petitioner. (R&R at 21-23) For purposes of habeas review, "[n]o federal constitutional issue is presented where . . . the sentence in within the range prescribed by state law." <u>White v. Keane</u>, 969 F.2d 1381, 1383 (2d Cir. 1992). Petitioner's sentence of 18 years to life imprisonment is within the range prescribed by state law because the statutory minimum for felony murder in New York is 15 years and the statutory maximum is life imprisonment. (R&R at 22 and statutes cited therein).

Petitioner argues that, nonetheless, her sentence was unduly harsh and excessive due to her youth when she committed the crime and her lack of a prior criminal record. However, courts have generally rejected this argument as a constitutional basis for overturning a sentence when it otherwise lies within the prescribed statutory range. <u>See, e.g.</u>, <u>Davis v. Senkowski</u>, 1998 WL 812653, *8 (E.D.N.Y. Aug. 6, 1998) (rejecting argument that sentence was excessive in light of petitioner's youth and prior criminal record); <u>Underwood v. Kelly</u>, 692 F. Supp. 146, 152 (S.D.N.Y. 1988) (same). Therefore,

7

this claim does not present a constitutional issue and habeas relief on this ground is denied.

Ineffective Assistance of Trial Counsel

Finally, petitioner argues that she was denied the effective assistance of counsel in violation of the Sixth Amendment. Judge Freeman's conclusion that petitioner's claim fails under the standards set forth in Strickland v. Washington, 466 U.S. 668 (1984) is well supported in law and fact and is adopted.

Counsel can deprive a criminal defendant of the right to effective assistance "simply by failing to render adequate legal assistance." Strickland, 466 U.S. at 686. See also Hill v. Lockhart, 474 U.S. 52, 58-59 (1985) (applying Strickland to ineffective assistance claims based upon guilty pleas). However, in order for counsel to be deemed constitutionally "ineffective," petitioner must show that: (1) counsel's performance "fell below an objective standard of reasonableness"; and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 688, 694. In analyzing the second prong for an ineffective assistance claim based upon a guilty plea, "these predictions of the outcome at a possible trial, where necessary, should be made objectively . . . ." Hill, 474 U.S. at 59-60 (quoting Strickland, 466 U.S. at 695). A court may reject an ineffective assistance of counsel claim based upon either of these prongs without reaching the other. Strickland, 466 U.S. at 697.

"[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in

8

open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973). "[A] petitioner's unconditional guilty plea waived all claims of ineffective assistance of counsel relating to events prior to the guilty plea that did not affect the voluntariness of his plea." Vasquez v. Parrott, 397 F. Supp. 2d 452, 463 (S.D.N.Y. 2005) (citations omitted). See also Smith v. Burge, 2005 WL 78583, *7-*8 (S.D.N.Y. Jan. 12, 2005) ("[I]f a habeas petitioner entered a voluntary and knowing guilty plea while represented by competent counsel, any non-jurisdictional defects . . . are waived.").

I agree with Judge Freeman that the conduct of petitioner's counsel did not fall below an "objective standard of reasonableness," as required under Strickland. On this prong, a court "must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 690. "[I]t is important to assess a claim of ineffective [assistance of] counsel not only by an examination of each specific instance of alleged incompetence, but also by assessing the lawyer's representation as a whole." Cotto v. Lord, 2001 WL 21246, *17 (S.D.N.Y. Jan. 9, 2001). Petitioner acknowledges that her counsel apparently made, on her behalf, motions "for a variety of relief in preliminary hearings," including motions to dismiss the indictment based on insufficiency of the evidence, to suppress evidence, and to sever her trial from that of the co-defendants. (Docket No. 10 at 2, 6) Viewed as a whole, I cannot conclude that petitioner's counsel performed in an objectively unreasonable manner.

Petitioner identifies two specific instances that she contends were objectively unreasonable. First, petitioner argues that her attorney provided ineffective assistance in failing to inform her that she had a valid defense that could be presented at trial. (Id. at 4-5) Second, petitioner argues that her attorney gave her erroneous advice that, if she entered a guilty plea, she would serve only one third of the promised sentence of 18 years to life imprisonment. Assuming arguendo that each of these acts constitutes objectively unreasonable performance by counsel, both fail under the second prong of the ineffective assistance analysis.

First, petitioner has failed to demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" if her counsel had informed her of her asserted "lack of intent" defense. The Supreme Court has instructed that the relevant inquiry is "whether the affirmative defense likely would have succeeded at trial." Hill, 474 U.S. at 59. Petitioner argues that she did not have the requisite intent for a charge of felony murder (Docket No. 10 at 6), as demonstrated by what she had said during her third videotaped statement to police and what she said to a probation officer (May 25, 2001 Hr'g Tr. at 9-10). However, as the trial judge made clear, these statements contradict what she had previously told police in earlier videotaped statements and indeed what she had told the judge herself during her plea allocution. (Id. at 17-19) Moreover, as discussed above, a petitioner's guilty plea effectively waives all ineffective assistances claims prior to the plea that do not affect the voluntariness of the plea. Tollett, 411 U.S. at 267; Vasquez, 397 F. Supp. 2d at 463. Now, as before the trial court, petitioner seeks a court to believe only those statements she has made that support her claim of innocence and ignore others. (May 25, 2001 Hr'g

Tr. at 17) At the very least, statements she made during her first videotaped conversation with police and during her plea allocution sufficiently demonstrated the requisite intent. (Id. at 17-18) Therefore, petitioner has failed to satisfy the second prong of her claim – a reasonable probability that the result would have been different if her counsel had informed her of her possible "lack of intent" defense.

As to the second instance, petitioner has similarly failed to demonstrate that, in the absence of hearing her attorney's allegedly poor advice, she would have pled not guilty and would have achieved a more favorable outcome at trial. In Hill, the petitioner alleged that his attorney advised him that he would be eligible for parole if he agreed to the plea bargain. 474 U.S. at 60. In concluding that the petitioner had failed to satisfy the second prong of his ineffective assistance claim, the Court wrote as follows:

> Petitioner did not allege in his habeas petition that, had counsel correctly informed him about his parole eligibility date, he would have pleaded not guilty and insisted on going to trial. He alleged no special circumstances that might support the conclusion that he placed particular emphasis on his parole eligibility in deciding whether or not to plead guilty.

Id.

Petitioner has also failed to allege any such special circumstances. Specifically, petitioner claims that her counsel "erroneously stated to the petitioner as a fact that she would only serve one-third of the promised 18-life sentence in exchange for a guilty plea." (Docket No. 10 at 7) In other words, petitioner does not argue that her counsel erroneously instructed her as to the length of her sentence, but rather only to that portion of her sentence that she would actually serve in prison (presumably before being paroled). Assuming arguendo that petitioner's counsel provided this advice, petitioner has failed to show how that advice affected her decision to plead guilty. As in Hill,

11

"petitioner's mistaken belief that [s]he would become eligible for parole after serving one-third of [her] sentence would seem to have affected not only [her] calculation of the time [s]he likely would serve if sentenced pursuant to the proposed plea agreement, but also [her] calculation of the time [s]he likely would serve if [s]he went to trial and were convicted." 474 U.S. at 60.

Moreover, courts have usually concluded that a habeas petitioner does not satisfy the second prong of an ineffective assistance claim where the plea agreement provided the petitioner with substantial benefit due to the strength of the evidence and the potential sentence if the defendant were found guilty. See, e.g., DeLeon v. United States, 2003 WL 21769836, *6 (S.D.N.Y. July 30, 2003) (holding that defendant "cannot show such prejudice because there was strong, irrefutable evidence against him, and he received a considerable benefit under the terms of his plea agreement"); Urena v. New York, 160 F. Supp. 2d 606, 611 (S.D.N.Y. 2001) (denying petitioner's claim of ineffective assistance of counsel where counsel had secured a plea agreement involving "fewer than all the counts in the indictment and for less than the maximum sentence to which the petitioner was exposed"). The indictment against petitioner charged her with six crimes. (Docket No. 10 at 2) Under the plea bargain, petitioner was required to plead guilty to only one. (Pet. Mem. at 1) As to this charge, the statutory range of punishment was 15 years to life imprisonment. (R&R at 22 and statutes cited therein) Petitioner's sentence lies at the low end of this range. As a result, if petitioner had pled not guilty and had instead proceeded to trial, she could have been found guilty of more crimes and received a significantly longer sentence. Petitioner has failed to demonstrate that she was

prejudiced by her attorney's alleged advice that her guilty plea would result in only a six-year sentence.

Conclusion

The R & R is adopted, except as to the portion addressing exhaustion of petitioner's second claim, and the petition is DENIED. The Clerk is directed to enter judgment in favor of the respondent.

Petitioner has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appeal ability will not issue. 28 U.S.C. § 2253; see Lozada v. United States, 107 F.3d 1011, 1016-17 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
July 18, 2006

13